UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 20-CR-177 (ECT/HB)

---

United States of America,

        Plaintiff,

v.

Kyle William Brenizer,

        Defendant.

**DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S DETENTION ORDER**

---

## INTRODUCTION

On October 9, 2020, Magistrate Judge David T. Schultz held a hearing on the government's motion for detention. After approximately a one-hour hearing, during which the Magistrate Judge heard arguments from counsel, considered three exhibits offered by the government in support of detention, and heard discussions regarding the filings (specifically the bond report and the parties' memoranda); the Court ordered Mr. Brenizer detained.[1] The Court issued a written order that same day (ECF No. 27).

Pursuant to Local Rule 72.2, Mr. Brenizer objects to the Magistrate Judge's ruling. He argues the facts and argument developed at the hearing do not justify detention under either prong of 18 U.S.C. § 3142.

---

[1] Mr. Brenizer has ordered a transcript of the October 9, 2020 detention hearing.

**MAGISTRATE JUDGE'S ORDER**

Magistrate Judge Schultz's Order found that detention was warranted. He found facts including these supported that conclusion:

- "Mr. Brenizer has a lengthy criminal history, including convictions for offenses such as Third Degree Criminal Sexual Conduct, Drug Possession, Theft by Check Forgery, Obstruction of Legal Process, and Domestic Abuse – Violation of No Contact Order.  Mr. Brenizer also has multiple pending felony charges involving theft, possession of stolen checks, check forgery, predatory offender knowingly violating registration requirement or intentionally provides false information, theft by swindle, and failure to appear." (ECF No. 27 at ¶ 2).

- "Mr. Brenizer has a lengthy history of failing to comply with pretrial, probation, parole, and supervised release by engaging in new criminal activity, which includes three probation revocations." (*Id*. at ¶ 3).

- "Mr. Brenizer has failed to appear at court proceedings which includes approximately thirty-six failures to appear in court from 2016 to the present.  He has at least four active warrants for his arrest." (*Id*. at ¶ 4).

- "Other reasons indicating Mr. Brenizer poses a risk of nonappearance include his substance abuse history, his use of aliases or false identifications, the pending charges, as well as his conduct during arrest for the instant offense.  More specifically, Mr. Brenizer attempted to elude arrest on August 21, 2020, by hiding

behind a basement wall in his residence and thereafter refusing to surrender for at least three hours." (*Id*. at ¶ 5).

- "[O]ther reasons indicating Mr. Brenizer poses a risk of danger include his violent behavior history, safety concerns for the community or a specific individual, history of charges involving sex offense/abuse/domestic violence, a charge involving a child, as well as his pattern of similar criminal activity history." (*Id*. at ¶ 6).

From these, the Court concluded that the government "demonstrated by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Mr. Brenizer's future appearance in Court"; and "demonstrated by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community" if Mr. Brenizer is released pending trial. (*Id*. at 3). Accordingly, the Court ordered him detained.

The Magistrate Judge articulated the correct legal standards under 18 U.S.C. § 3142, yet Mr. Brenizer maintains the Court's conclusions are in error and he requests this Court reverse the Magistrate Judge's decision and ordered him released subject to conditions pending trial in this matter.

**ARGUMENT**

Because the offenses charged (wire fraud and money laundering) do not carry a presumption of detention under 18 U.S.C. § 3142, the Court is only to order the defendant detained if there are no combinations of conditions of release the Court could

impose that would reasonably assure both the Defendant's appearance and the safety of the community.

This Court should consider the totality of the facts when reviewing the detention determination. Mr. Brenizer submits that his personal characteristics and criminal history of Mr. Perez do not justify detention, nor do the facts the Magistrate Judge relied on in his Order.

Mr. Brenizer acknowledges that his criminal history could be troubling to a Court (including his history of convictions for sexual offense/domestic assault and including his failures to appear), but submits that there are conditions the Court could impose, such as electronic monitoring (which Counsel believes Mr. Brenizer has never been on) which would reasonably assure his appearance.

Mr. Brenizer submits the Court should not rely on pending charges, including his pending felony for failure to appear, because he is a presumptively innocent person who is contesting those charges against him. Additionally, although the Court was correct in finding that Mr. Brenizer had numerous failures to appear, he emphasizes that many of these were caused by his being in custody on another case, and that multiple failures of appearance would be entered when cases track together.

Put simply, although there are various legitimate concerns a Court could have ordering release, Mr. Brenizer argues the Magistrate Judge did not adequately consider the possible conditions of release that could be imposed upon him. Mr. Brenizer has the support of multiple friends and family members who could help ensure he complies with conditions of pretrial release, including that he appear for Court. Mr. Brenizer could also

be ordered to participate in electronic monitoring, which would likewise alleviate these concerns.

## CONCLUSION

Detention is a heavy constraint on a presumptively innocent person's liberties; it is not to be lightly imposed *See, e.g., JAMA v. ASHCROFT*, Civil No. 01-1172 (JRT/AJB), at *6-7 (D. Minn. Jan. 12, 2004), writing:

> In *Zadvydas*, the Supreme Court held that the government could not detain removable aliens indefinitely, even where those aliens had committed serious crimes. 533 U.S. at 682. In reaching this conclusion, the Supreme Court discussed its preventive detention jurisprudence, and noted that preventive detention based on dangerousness is authorized only when limited to "specially dangerous" individuals and subject to "Strong procedural protections." *Id.* at 693 (citing *Kansas v. Hendricks*, 521 U.S. 346, 368 (1997) (upholding scheme that imposes detention upon "a small segment of particularly dangerous individuals" and provides "strict procedural safeguards")); *United States v. Salerno*, 481 U.S. 739, 747, 750-752 (1987) (in upholding pretrial detention, stressing "stringent time limitations," the fact that detention is reserved for the "most serious of crimes," the requirement of proof of dangerousness by clear and convincing evidence, and the presence of judicial safeguards), *with Foucha v. Louisiana*, 504 U.S. 71, 81-83 (1992) (striking down insanity-related detention system that placed burden on detainee to prove nondangerousness).

*Id*. A lengthy pre-trial detention of Mr. Brenizer is not necessary here.

This Court should overrule the Detention Order and order Mr. Brenizer released subject to conditions. It should do so because the government has not shown, by clear and convincing evidence, that there exist no combination of conditions that are necessary to assure the safety of the community; and the government has not shown, by a

preponderance of the evidence, that there exist no combination of conditions that are necessary to assure Mr. Brenizer's appearance.

Respectfully submitted,

Dated:   October 21, 2020

/s/ Ian S. Birrell
Andrew S. Birrell (Attorney No. 133760)
Ian S. Birrell (Attorney No. 0396379)
**Birrell Law Firm PLLC**
333 South 7th Street, Suite 2350
Minneapolis, MN 55402
Phone: (612) 238-1939
andy@birrell.law | ian@birrell.law
*Attorneys for Defendant*