UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-177 (ECT/HB) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Kyle William Brenizer, | |
| Defendant. | |

---

Defendant Kyle William Brenizer, who is currently detained and indicted on two counts of wire fraud and two counts of money laundering, filed a motion for pretrial release. ECF No. 21. After a hearing, Magistrate Judge David T. Schultz denied Brenizer's motion and ordered that he remain detained pending trial. ECF No. 27. Brenizer now objects to that detention order, ECF No. 41, and the Government has not filed a response. Although Brenizer filed his objection under Local Rule 72.2—the rule that normally governs the review of pretrial rulings by magistrate judges—it is more properly considered a "motion for revocation or amendment" of the detention order under 18 U.S.C. § 3145(b). *See United States v. Perez*, No. 19-cr-259(1) (PJS/ECW), 2019 WL 5561417, at *1 (D. Minn. Oct. 29, 2019); *see also United States v. Goree*, No. 19-cr-266(1) (NEB/KMM), 2020 WL 490995, at *2 (D. Minn. Jan. 30, 2020) (questioning whether Local Rule 72.2 applies to such motions). The detention order will be reviewed de novo, *see Goree*, 2020 WL 490995, at *3, and for the reasons that follow, Brenizer's motion will be denied.

I

As noted above, Brenizer has been indicted on two counts of wire fraud, *see* 18 U.S.C. § 1343, and two counts of money laundering, *see id.* § 1957. ECF No. 1. The basic allegations are that he fraudulently obtained loans under the federal Paycheck Protection Program ("PPP"), a source of "emergency financial assistance" for small businesses affected by the COVID-19 pandemic. *Id.* ¶ 8. At an arraignment hearing on August 26, 2020, the Government requested that Brenizer be detained pending trial. Brenizer did not oppose that request, but he "reserved his right to contest detention at a later time." ECF No. 15. Brenizer subsequently filed a motion to reconsider the original detention order, ECF No. 21, and the government filed a response in opposition, ECF No. 22.

After a hearing, Magistrate Judge Schultz denied Brenizer's motion, concluding that the Government had met its burden to show that no condition or combination of conditions could reasonably assure the safety of the community and Brenizer's appearance at future court proceedings. ECF No. 27. Specifically, Magistrate Judge Schultz cited Brenizer's "lengthy" criminal history, as well as his history of failing to comply with conditions of release and probation, failing to appear for court, substance abuse, and alias use. *Id.* at 2–3.

In the present motion, which is presented as an objection to the detention order, Brenizer argues that Magistrate Judge Schultz placed too much emphasis on his criminal history and past failures to appear for court. ECF No. 41. He stresses the nonviolent nature of the charged offenses and asserts that a combination of electronic monitoring and the

supervision of friends and family would adequately assure his compliance with court orders. *Id.*

II

Under 18 U.S.C. § 3142, a court may only order a defendant detained pending trial if the court finds that no release condition or set of conditions will reasonably assure: (1) the defendant's appearance in court and (2) the safety of the community. *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (citing 18 U.S.C. § 3142(c), (e), and (f), and *United States v. Orta*, 760 F.2d 887, 891 & n.20 (8th Cir. 1985) (en banc)). Different evidentiary standards apply to these two findings. The Government need only show by a preponderance of the evidence that no conditions will reasonably ensure the defendant's appearance at future proceedings, but it must show by clear and convincing evidence that no conditions will reasonably assure the safety of the community. *See United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). The statute provides a list of factors to consider when deciding whether the Government has met these burdens: "(1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual." *Id.*; *see* 18 U.S.C. § 3142(g).

First, Magistrate Judge Schultz correctly concluded that Brenizer is a flight risk. The nature of the allegations against Brenizer and the circumstances of his arrest in this case alone are causes for concern. According to the Government, Brenizer used an alias to conceal his alleged fraud. ECF No. 1 ¶¶ 5, 16. When agents confronted Brenizer at his

3

home, he attempted to hide in a basement crawl space, which led to a "multi-hour stand-off" in which Brenizer lied about his name, made threatening statements, and tried to conceal his cell phone before eventually surrendering.[1]  Gov't Mem. in Opp'n at 6–7 [ECF No. 22].  This behavior suggests a disrespect for the law and a tendency to evade accountability.  So do other things in Brenizer's background.  The Pretrial Services Report in this case shows that Brenizer has an extensive criminal history that includes at least one fraud crime, substance abuse, multiple failures to appear for mandatory hearings, and violations of the conditions of probation and pretrial release.  ECF No. 25 at 1–9.  He also pleaded guilty to violating a state no-contact order.  *Id.* at 8.  Brenizer argues that "many" of his failures to appear for court proceedings were caused by his being in custody for other cases, and that it is improper to rely on any charges that remain pending because he is presumptively innocent of those charges.  Def.'s Mot. at 4 [ECF No. 41].  But he admits that his failures to appear were "numerous," *id.*; most are not themselves underlying, contested criminal charges; and he does not elaborate on which, if any, were beyond his

---

[1] The Government presented these facts and others to Magistrate Judge Schultz by proffer rather than in the form of testimony or documentary evidence.  Although the statute only explicitly allows the defendant to "present information by proffer," 18 U.S.C. § 3142(f), it appears that every circuit to consider the question allows the Government to do so, too.  *See United States v. Stone*, 608 F.3d 939, 948–49 (6th Cir. 2010); *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (collecting cases); *see also* 18 U.S.C. § 3142(f) (stating that "[t]he rules concerning admissibility of evidence in criminal trials do not apply" at bail hearings).  Brenizer does not argue that the Government was required to further substantiate its factual assertions, nor does he dispute the Government's account of his arrest.

control.² The Government has shown by a preponderance of the evidence that no set of conditions will reasonably assure Brenizer's appearance at future proceedings.

The Government has also shown that no set of conditions will reasonably assure the safety of the community, but as Magistrate Judge Schultz acknowledged at the detention hearing, this is the "closer call." Detention Hr'g Tr. at 27 [ECF No. 44]. The present charges do not involve violent conduct. In a vacuum, that would weigh in favor of release. *See United States v. Ramirez-Rodriguez*, 453 F. Supp. 3d 1242, 1249 (D. Minn. 2020). Nonetheless, the record shows other examples of violent, erratic, or otherwise harmful behavior that poses a risk to the community. Brenizer has one conviction for third-degree criminal sexual conduct—an offense that involved a minor victim—and another for violating a domestic-assault-related no-contact order. ECF No. 25 at 2, 8. He also had a dismissed charge for domestic assault and faces at least two other charges for violating no-contact orders. *Id.* at 8–9; *see United States v. Abari*, No. 19-cr-103(1) (MJD/ECW), 2020 WL 2992399, at *4 (D. Minn. June 4, 2020) (explaining that the defendant's pending assault charge indicated a risk of danger to the community). During his standoff with arresting officers, Brenizer made statements suggesting that he was armed, and he threatened to "break [the] wrist" of any officer that "put[] their hands on him." Gov't Mem. in Opp'n at 7. Brenizer's girlfriend also told officers that Brenizer had expressed suicidal ideation, *id.* at 16, and some of Brenizer's comments to the officers made them "unsure if

---

² Brenizer also argues that some of his failures to appear are duplicated in the Pretrial Services Report because he had multiple cases pending at once. Def's Mot. at 4. He is correct. But even accounting for that, he has missed court on more than 20 unique dates since 2017.

he was suicidal," ECF No. 8 at 3; *see United States v. George-Rodriguez*, No. 2:13-CR-378 TS, 2013 WL 3246114, at *6 (D. Utah June 26, 2013) (considering a defendant's suicidal ideation as part of the risk of danger to the community); *cf. United States v. Metz*, No. 12-M-01193-JJM, 2012 WL 6632501, at *4 (W.D.N.Y. Dec. 12, 2012) (considering a defendant's suicidal ideation as part of the risk that the defendant would not appear at future proceedings). Under these circumstances, Magistrate Judge Schultz correctly found that no conditions of release would reasonably assure the safety of the community.

Brenizer argues that Magistrate Judge Schultz did not adequately consider the possibility that he could be released, with electronic monitoring, into the custody of friends or family—particularly his mother. Def.'s Mot. at 4–5; ECF No. 21. As the Government pointed out to Magistrate Judge Schultz, however, Brenizer's mother may have been involved in the case as either a victim or an unwitting participant: Brenizer allegedly used her name on a fraudulent loan application and then gave her some of the loan proceeds. ECF No. 1; *see* Gov't Mem. in Opp'n at 5. This possible involvement makes her an inappropriate custodian. Moreover, given Brenizer's history of non-compliance with court orders and the other evidence in the record, the potential availability of electronic monitoring is not, in itself, enough to warrant release. *See Abad*, 350 F.3d at 799 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Kyle Brenizer's Objection to Magistrate Judge's Detention Order [ECF No. 41] is construed as a motion to revoke or amend the detention order and is **DENIED**.

2. Brenizer shall be **DETAINED** pending trial under 18 U.S.C. § 3142(e).

3. Brenizer is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Brenizer shall be afforded reasonable opportunity to consult privately with counsel.

5. Upon order of the Court or on request of an attorney for the United States, the person in charge of the correctional facility in which Brenizer is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated:  November 24, 2020         s/ Eric C. Tostrud
                                  Eric C. Tostrud
                                  United States District Court